# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

## Complaint For A Civil Case

**Plaintiff: Adam Robert Rousselle**
    Address: Adam Robert Rousselle 2113 Middle Street
    Suite 201 Sullivans Island, SC 29482

-    **against-**

**Defendant No. 1 Government of Honduras**
    Address: Ministry of Foreign Affairs, Avenida La
    Paz, Boulevard Kuwait, Tegucigalpa, Honduras
    Phone N/A

**Defendant No. 2: Corporación Hondureña de Desarrollo Forestal (COHDEFOR)**
    Address: Edificio COHDEFOR, Boulevard Suyapa,
    Tegucigalpa, Honduras
    Phone N/A

Case No. 2:25-CV-539-RMG-MGB

Jury Trial Requested: YES

## The Parties To This Complaint:

    **A. The Plaintiff**
    **Adam Robert Rousselle**
    2113 Middle Street Suite 201
    Sullivans Island, SC 29482

    **B. The Defendant(s)**

**Defendant No. 1 Government of Honduras**
Address: Ministry of Foreign Affairs, Avenida La Paz, Boulevard Kuwait, Tegucigalpa,
Honduras
Phone N/A

**Defendant No. 2: Corporación Hondureña de Desarrollo Forestal (COHDEFOR)**
Address: Edificio COHDEFOR, Boulevard Suyapa, Tegucigalpa, Honduras
Phone N/A

## Introduction

1. This is a civil action seeking damages and equitable relief against the Defendant Government of Honduras and its agency, COHDEFOR, for unlawful acts, including theft, conspiracy, fraudulent misrepresentation, wrongful death, and expropriation of property in violation of international law and commercial norms.
2. Plaintiff Adam Robert Rousselle, A US Citizen and South Carolina Resident brings this action under the Foreign Sovereign Immunities Act (FSIA), citing exceptions for commercial activity and violations of international law, and asserts jurisdiction under 28 U.S.C. § 1330(a).

## Parties

3. Plaintiff Adam Robert Rousselle is a U.S. citizen residing in South Carolina and was a co-founder and manager of CBI Lumber International, a lawful business operating in Honduras from 1993 to 1995.
4. Defendant Government of Honduras is a foreign sovereign entity, and its agency, COHDEFOR, is a State-Affiliated Agency (government entity responsible for forestry regulation and enforcement.)

## Basis For Jurisdiction and Venue

5. This Court has subject matter jurisdiction under:

    a)  - 28 U.S.C. § 1331 (Federal Question Jurisdiction)
    b)  - 28 U.S.C. § 1330 (Actions Against Foreign States)
    c)  - 28 U.S.C. §§ 1605(a)(2) and 1605(a)(3) (FSIA Exceptions)

6. The Plaintiff is a U.S. citizen residing in South Carolina.

    Defendants: Foreign nation: Defendant Government of Honduras and foreign government agency: Corporación Hondureña de Desarrollo Forestal (COHDEFOR)

7. Amount in Controversy: Exceeds $75,000.
8. This Court has subject matter jurisdiction under 28 U.S.C. § 1330(a) because the Defendant is a foreign sovereign entity and this action falls under exceptions to sovereign immunity outlined in 28 U.S.C. § 1605(a).
9. Specifically, jurisdiction is appropriate because:

    a) The claims arise out of **commercial activities** carried out in the United States and Honduras (28 U.S.C. § 1605(a)(2)).
    b) Defendant's actions, including unlawful seizure and expropriation of Plaintiff's property, violated **international law** (28 U.S.C. § 1605(a)(3)).

10. Venue is proper under 28 U.S.C. § 1391(f)(4) because Plaintiff resides in South Carolina where the economic and reputational harm caused by Defendants' actions continues to impact him.

## Statement of Claim

### a) Factual Background

8. In 1993, Plaintiff established CBI Lumber International, Inc. to conduct lawful business operations in the Puerto Cortes Free Zone of Honduras. The company complied with all applicable regulations and held permits to engage in the export of wood products.

9. Between 1993 and 1995, Defendant state-affiliated agency COHDEFOR, acting under the authority of the Defendant Honduran government, engaged in a campaign of harassment, illegal seizures, and economic sabotage targeting CBI. These actions were motivated by anti-American bias, political corruption, and collusion with local competitors of CBI.

10. Specific illegal acts include:

   a) The **detention of 11 containers** of wood without valid judicial authorization in January 1995.
   b) **Falsification of public documents** to retroactively justify the seizure.
   c) Imposition of excessive and illegal fines based on fabricated evidence.
   d) Persistent demands for bribes by Defendant state-affiliated agency COHDEFOR officials, including requests for $30,000.00 to "smooth over" regulatory issues.

11. Following the unlawful seizure of the containers, the Defendant escalated its actions, resulting in the outright theft of Plaintiff's entire sawmill, including all equipment, trucks, and nearly $15 million worth of lumber on hand.

12. Defendant also falsely imprisoned Plaintiff's father, a corporate officer of CBI Lumber International, preventing the company from mounting a proper legal defense. While imprisoned, Plaintiff's father was denied adequate medical care for squamous Cell Carcinoma, leading to his untimely and painful death.

13. These actions were part of a broader scheme to expropriate Plaintiff's business assets, destroy his commercial viability, and eliminate competition for politically connected businesses in Honduras.

14. In April 1996, a U.S. Bankruptcy Court determined that Defendant state-affiliated agency COHDEFOR's actions violated Honduran law, deeming the seizures and penalties null and void.

15. The 1996 Court Order issued by the U.S. Bankruptcy Court for the Western District of Kentucky provides critical findings supporting Plaintiff's claims:

16. Defendant state-affiliated agency **COHDEFOR's Actions Declared Unlawful**: The Court determined that Defendant state-affiliated agency COHDEFOR's seizure of property, including the 11 containers of wood, violated Honduran law and rendered these actions null and void.

17. **Lack of Legal Authority**: The order highlights that Defendant state-affiliated agency COHDEFOR acted without proper judicial authorization or statutory authority in seizing Plaintiff's property.
18. **Impact on Plaintiff's Business**: The Court acknowledged that Defendant state-affiliated agency COHDEFOR's unlawful actions directly interfered with CBI Lumber International's lawful operations, leading to significant financial harm.
19. **Fraudulent Conduct**: Evidence presented in the 1996 proceedings established Defendant state-affiliated agency COHDEFOR's falsification of documents to justify its unlawful seizures, corroborating claims of fraud and conspiracy.

## b) Causes of Action

### Count I: Violation of the Foreign Sovereign Immunities Act (FSIA)

20. Defendant's actions fall within the FSIA's "commercial activity exception" under 28 U.S.C. § 1605(a)(2), as the unlawful seizure and economic harm arose directly from commercial dealings.
21. Defendant's actions also fall within the "expropriation exception" under 28 U.S.C. § 1605(a)(3), as the expropriation of Plaintiff's property violated international law.

### Count II: Conversion and Theft

22. Defendant unlawfully detained and seized 11 containers of wood valued at $2,000,000.00, causing direct financial harm to Plaintiff.
23. Defendant's subsequent theft of Plaintiff's sawmill, equipment, trucks, and approximately $15 million worth of lumber further exacerbates this harm.

### Count III: Wrongful Death

24. Defendant's false imprisonment of Plaintiff's father, coupled with denial of medical care, resulted in his untimely death. This caused severe emotional distress and financial harm to Plaintiff and his family.

### Count IV: Fraud and Misrepresentation

25. Defendant knowingly falsified public documents and misrepresented the legality of its actions to justify the seizure and penalties imposed on Plaintiff.
26. These fraudulent acts were intended to harm Plaintiff and eliminate his business.

### Count V: Tortious Interference with Business Relationships

27. Defendant's actions disrupted Plaintiff's contracts and business relationships with international buyers, causing significant financial and reputational damage.

### c) Statute of Limitations

28. The passage of time does not bar Plaintiff's claims because:

   a) The harm is ongoing, with economic and reputational damages continuing to this day.
   b) Plaintiff was unable to pursue remedies earlier due to systemic corruption in Honduras and the deliberate falsification of evidence by Defendant.
   c) Equitable tolling applies due to Defendant's fraudulent concealment of its unlawful actions.
   d) Under the "continuing violation doctrine," the ongoing harm renews the limitations period.

## Relief Requested

Plaintiff respectfully requests that the Court:

1. Compensatory damages of no less than $35,000,000, broken down as follows:

   a. $15,000,000 for theft of the sawmill, equipment, trucks, and lumber.
   b. $10,000,000 for lost revenue and business opportunities.
   c. $2,000,000 for bankruptcy-related damages.
   d. $5,000,000 for wrongful death and emotional distress.
   e. $3,000,000 for reputational harm.

2. Punitive damages of no less than $50,000,000 are sought to **deter similar actions** by foreign sovereign entities in the future against U.S. Citizens and Corporations.

3. Equitable relief, including:

   a. A declaration that Defendant's actions were unlawful under international law.
   b. An order requiring Defendant to return all property wrongfully seized.

4. Attorney's fees and costs.

5. Any additional relief the Court deems just and proper.

Certification and Closing Under Federal Rule of Civil Procedure 11:

By signing below, I certify to the best of my knowledge, information, and belief that this complaint:

(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January 28, 2025

Signature of Plaintiff _____

Printed Name of Plaintiff _____