UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Adam Robert Rousselle<br><br>Plaintiff,<br><br>v.<br><br>Government of Honduras and<br>Corporacion Hondurena de Dessarollo Forestal,<br><br>Defendants. | Case No. 2:25-cv-00539-RMG-MGB<br><br><br><br>**REPORT AND RECOMMENDATION** |

Adam Robert Rouseelle ("Plaintiff"), proceeding *pro se*, bring this civil action seeking damages and equitable relief for various "unlawful acts" committed by the Government of Honduras and the Corporacion Hondurena de Dessarollo Forestal ("COHDEFOR")[1] (collectively, "Defendants"). Under Local Civil Rule 73.02(B)(2) (D.S.C.), the assigned United States Magistrate Judge is authorized to review the Complaint and submit a recommendation to the United States District Judge.

Although Plaintiff is not proceeding *in forma pauperis*, his Complaint is nonetheless subject to initial review pursuant to the inherent authority of this Court to ensure that a plaintiff has standing, that federal jurisdiction exists, and that the case is not frivolous.[2] Indeed, "[i]t is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an

---

[1] It appears that COHDEFOR is "the Honduran Forest Ministry." *Cortez Byrd v. Corporacion Forestal y Indus. de Olancho, S.A.*, 974 F. Supp. 2d 264, 266 (S.D.N.Y. 2013), *aff'd sub nom. Byrd v. Republic of Honduras*, 613 F. App'x 31 (2d Cir. 2015).

[2] Because Plaintiff is a non-prisoner and has paid the filing fee, the initial review of his Complaint does **not** fall under the purview of 28 U.S.C. §§ 1915, 1915A, or 1915(e)(2). *See Bardes v. Magera*, No. 2:08-cv-00487-PMD-RSC, 2008 WL 2627134, at *8–10 (D.S.C. June 25, 2008).

1

action, which is frivolous, vexatious, or brought in bad faith." *See Hamilton v. United States*, No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *1 (D.S.C. Aug. 26, 2020), *adopted*, 2020 WL 5939235 (D.S.C. Oct. 7, 2020) (internal citations omitted); *Ross v. Baron*, 493 F. App'x. 405, 406 (4th Cir. 2012). Accordingly, a court has "the discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that the action is factually or legally frivolous." *Brown v. Maynard*, No. 1:11-cv-00619-SKG, 2011 WL 883917, at *1 (D. Md. Mar. 11, 2011). For the reasons set forth below, the undersigned recommends that this action be summarily dismissed for lack of subject matter jurisdiction.

## BACKGROUND

The instant case stems from Defendants' alleged "campaign of harassment, illegal seizures, and economic sabotage targeting" Plaintiff's company, CBI Lumbar International ("CBI"), which operated in Honduras from 1993 to 1995. (Dkt. No. 1 at 2–3.) According to Plaintiff, COHDEFOR, "acting under the authority of the Defendant Honduran government," detained "11 containers of wood without valid judicial authorization in January 1995." (*Id*. at 3.) Plaintiff alleges COHDEFOR falsified "public documents to retroactively justify the seizure" and imposed "excessive and illegal fines based on fabricated evidence." (*Id*.) Plaintiff further alleges COHDEFOR demanded bribes, "including requests for $30,000.00 to smooth over regulatory issues." (*Id*.) Subsequently, COHDEFOR "escalated its actions, resulting in the outright theft of Plaintiff's entire sawmill, including all equipment, trucks, and nearly $15 million worth of lumber on hand." (*Id*.)

Plaintiff also alleges that COHDEFOR prevented CBI from "mounting a proper legal defense" when it "falsely imprisoned Plaintiff's father, a corporate officer of CBI." (*Id*.) According to Plaintiff, his father was "denied adequate medical care for squamous Cell

Carcinoma" while in prison, which led to "his untimely and painful death." (*Id*.) Plaintiff alleges the foregoing conduct was "part of a broader scheme to expropriate Plaintiff's business assets, destroy his commercial viability, and eliminate competition for politically connected businesses in Honduras." (*Id*.) The Complaint alleges claims for conversion and theft, wrongful death, fraud and misrepresentation, and tortious interference with business relationships.[3] (*Id*. at 4.)

## LEGAL STANDARD

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for all civil actions). Such is the case here.

## DISCUSSION

Upon careful review, the undersigned finds this action is subject to summary dismissal because it does not appear the Court possesses subject matter jurisdiction. Federal courts are courts of limited jurisdiction, meaning they possess only that power authorized by Article III of the United States Constitution and affirmatively granted by federal statute. *Willy v. Coastal Corp.,* 503 U.S.

---

[3] Based on South Carolina choice of law rules, these tort claims are governed by the substantive law in the place in which the injury occurred—in this case, that appears to be Honduras. *Butler v. Ford Motor Co*., 724 F. Supp. 2d 575, 581 (D.S.C. 2010). While the undersigned need not resolve the issue of statute of limitations here, it is worth noting that the statute of limitations has likely expired given that the events at issue occurred approximately thirty years before Plaintiff filed this action.

131, 136–37 (1992); *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). As such, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

Subject matter jurisdiction encompasses the scope of sovereign immunity. *Wye Oak Tech., Inc. v. Republic of Iraq*, 666 F.3d 205, 213 (4th Cir. 2011). The Foreign Sovereign Immunities Act ("FSIA") establishes the presumption that foreign governments and their agencies and instrumentalities are immune from the jurisdiction of the United States courts.[4] *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). "To overcome the FSIA presumption of immunity, a complaint must set forth 'sufficient facts to support a reasonable inference that [the] claims' satisfy one of the specific, enumerated exceptions in the FSIA." *France.com, Inc. v. French Republic*, 992 F.3d

---

[4] "Foreign state" is defined as a "political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b)." 28 U.S.C. § 1603(a). "An agency or instrumentality of any foreign state means any entity—(1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or a political subdivision thereof ... and (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country." § 1603(b). Under this definition, Defendants are foreign states to which the FSIA applies.

248, 252 (4th Cir. 2021) (quoting *Rux v. Republic of Sudan*, 461 F.3d 461, 468 (4th Cir. 2006)); *see also* 28 U.S.C. § 1330(a) (conferring jurisdiction whenever a foreign state is not entitled to immunity either under the substantive provisions of FSIA §§ 1605–1607, or under any applicable international agreement).

Here, the Complaint asserts that subject matter jurisdiction exists under § 1330(a) because two exceptions to the FSIA apply: the "commercial activity" exception, *see* 28 U.S.C. § 1605(a)(2), and the "expropriation" exception, *see id*. § 1605(a)(3). (Dkt. No. 1 at 2.) The undersigned considers these exceptions in turn. *See France.com*, 992 F.3d at 252 ("[B]ecause the FSIA seeks to 'free a foreign sovereign from suit,' immunity should be addressed 'as near to the outset of the case as is reasonably possible.'" (quoting *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co*., 581 U.S. 170, 171 (2017)).

**A.     Commercial Activity Exception**

The commercial activity exception permits a federal court to exercise jurisdiction of a civil action against a foreign state if "the action is based upon a commercial activity carried on in the United States by the foreign state . . . ." 28 U.S.C. § 1605(a)(2). A commercial activity is statutorily defined as "either a regular course of commercial conduct or a particular commercial transaction or act." Id. § 1603(d). An activity is deemed commercial by reference to its nature, not its purpose. Id. A foreign sovereign engages in commercial activity "only when it exercises 'those powers that can also be exercised by private citizens,' and not when it employs 'powers peculiar to sovereigns.'" *France.com*, 922 F.3d at 252 (quoting *Republic of Argentina v. Weltover, Inc*., 504 U.S. 607, 614 (1992)) (internal citations omitted).

The FSIA does not define the phrase "based upon," but the United States Supreme Court has provided guidance for determining whether an action is "based upon" a commercial activity.

5

"A court should identify the particular conduct [upon which a plaintiff's action is based] by looking to the basis or foundation for a claim; . . . those elements that, if proven, would entitle a plaintiff to relief; . . . and the gravamen of the complaint." *Sachs*, 577 U.S. at 33–34 (quoting *Saudi Arabia v. Nelson*, 507 U.S. 349, 356–57 (1993)) (cleaned up).

Here, none of Defendants' alleged misconduct, all of which appears to have occurred in Honduras approximately thirty years ago, are commercial in nature. Specifically, the alleged unlawful seizure of CBI's equipment, the imposition of related fines, and the false imprisonment of Plaintiff's father are sovereign activities. *See Nelson*, 507 U.S. at 349 ("The intentional conduct alleged here (the Saudi Government's wrongful arrest, imprisonment, and torture of Nelson) boils down to abuse of the power of the police. However monstrous such abuse undoubtedly may be, a foreign state's exercise of that power has long been understood for purposes of the restrictive theory as peculiarly sovereign in nature."); *France.com*, 992 F.3d at 253 ("[I]t is well established that a 'seizure' by a foreign government constitutes a sovereign activity."); *Westfield v. Fed. Republic of Germany*, 2009 WL 2356554, at *6 (M.D. Tenn. July 28, 2009) ("'[T]he seizure of Mr. Westfeld's art collection cannot be considered a commercial act. That seizure is either an expropriation of property or the satisfaction of a criminal fine or penalty imposed in connection with Mr. Westfeld's conviction. If the seizure is deemed to be an expropriation of property . . . it is an action that can only be taken by a sovereign. If the seizure is deemed to have been effected for the satisfaction of a criminal fine or penalty, akin to forfeiture, it is an action that can only be taken by a sovereign through its police powers and judicial functions. In either case, the actions complained of were those unique to a sovereign power rather than a private person."), *aff'd on other grounds*, 633 F.3d 409 (6th Cir. 2011).

Accordingly, the undersigned finds Plaintiff has failed to establish the Complaint is "based upon" an act by Defendants in connection with a commercial activity, and therefore, the FSIA's commercial activity exception does not apply in this case.

### B.   Expropriation Exception

The expropriation exception applies when property is "taken in violation of international law" and that property is either "present in the United States in connection with a commercial activity carried on in the United States by the foreign state" or "owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States." 28 U.S.C. § 1605(a)(3). To establish the expropriation exception, a plaintiff must show that "(1) rights in property are in issue; (2) that the property was 'taken'; (3) that the taking was in violation of international law; and (4) that one of the two nexus requirements is satisfied." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 251 (2d Cir. 2000).

Here, the Complaint alleges that, as a result of the "unlawful seizure," Plaintiff's property was taken in violation of international law. (Dkt. No. 1 at 2–3.) Critically, the Complaint fails to allege any nexus between the alleged taking and the United States, through either method available under § 1605(a)(3). First, no allegation indicates the presence of the taken property—the assets of CBI—in the United States. And nothing in the Complaint demonstrates such a presence would be connected to commercial activity carried on in the United States. Second, there is no allegation that the expropriated property, or funds derived therefrom, are currently owned or operated by Defendants and that Defendants are engaged in a commercial activity in the United States. *See Alperin v. Vatican Bank*, 365 Fed. App'x. 74, 75–76 (9th Cir. 2010) (finding plaintiffs failed to allege sufficiently that defendants currently owned or operated the property because (1) complaint

alleged that defendants retained a "significant portion" of the illegally expropriated property, but did not allege that the retained portion included property illegally taken from plaintiffs, and (2) complaint made no allegations as to the current location of that property); *Best Med. Belgium, Inc. v. Kingdom of Belgium*, 913 F. Supp. 2d 230, 240 (E.D. Va. 2012) (finding expropriations exception does not apply because, *inter alia*, the complaint fails to establish a nexus between the alleged taking and the United States).

Based on the foregoing, the undersigned finds the Complaint fails to establish a sufficient nexus with the United States under § 1605(a)(3), and therefore, the FSIA's "expropriation" exception also does not apply. Accordingly, since Plaintiff fails to demonstrate an exception to sovereign immunity under the FSIA, the Court lacks subject matter jurisdiction over this suit.[5]

## **CONCLUSION**

---

[5] To be sure, the undersigned further notes that this Court is likely the wrong venue for Plaintiff's claims. The Complaint alleges that "[v]enue is proper under 28 U.S.C. § 1391(f)(4) because Plaintiff resides in South Carolina where the economic and reputational harm caused by Defendants' actions continue to impact him." (Dkt. No. 1 at 3.) Where, as here, there is a civil action brought against a foreign state, the action may be brought in

> (1) any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
> (2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;
> (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or
> (4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

28 U.S.C. § 1391(f). Contrary to Plaintiff's assertions, subsections (1) through (3) appear inapplicable in the present case, leaving the United States District Court for the District of Columbia as the sole proper venue for this case. While the undersigned need not resolve the issue of venue here, it is worth noting that this Court is likely the improper venue for Plaintiff's claims.

In light of the foregoing, the undersigned finds that this Court lacks jurisdiction over Plaintiff's Complaint and therefore **RECOMMENDS** that this action be dismissed without prejudice and without issuance and service of process.[6]

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 26, 2025
Charleston, South Carolina

Plaintiff's attention is directed to the **important notice** on the next page.

---

[6] "[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).