**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Adam Robert Rousselle, <br><br> Plaintiff, <br> v. <br><br> Government of Honduras, *et al.*, <br><br> Defendants. | Case No. 2:25-cv-00539-RMG <br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that Plaintiff's case be dismissed without prejudice and without issuance and service of process. (Dkt. No. 7). Plaintiff objects to the R&R. (Dkt. No. 11). For the reasons set forth below, the Court adopts the R&R as the Order of the Court.

## I.     Introduction

Plaintiff brings this suit against the Government of Honduras and the Corporacion Hondurena de Dessarollo Forestal ("COHDEFOR"), alleging Defendants engaged in a "campaign of harassment, illegal seizures, and economic sabotage targeting" targeting Plaintiff's company, CBI Lumbar International ("CBI"), which operated in Honduras from 1993 to 1995. (Dkt. No. 1 at 2–3). Apparently, this campaign culminated in COHDEFOR's seizure of "Plaintiff's entire sawmill, including all equipment, trucks, and nearly $15 million worth of lumber on hand." (*Id.* at 3). Plaintiff also alleges that Defendants "falsely imprisoned Plaintiff's father, a corporate officer of CBI" and denied him adequate medical care for squamous Cell Carcinoma, resulting in his death. (*Id.*). Plaintiff brings claims of conversion and theft, wrongful death, fraud and misrepresentation, and tortious interference with business relationships arising from events alleged to have occurred in Honduras approximately 30 years ago. (*Id.* at 4).

## II.    Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III.    Discussion

The Magistrate Judge determined that Plaintiff's action is subject to summary dismissal because the court lacks subject matter jurisdiction over Plaintiff's claims. (Dkt. No. 7 at 3-4). The R&R recognized the presumption under the Foreign Sovereign Immunities Act ("FSIA") that foreign governments and their agencies and instrumentalities are immune from suit in the courts of the United States, unless they fall into one of the limited exceptions in the FSIA. (*Id.* at 4). Plaintiff cites two such exceptions in his Complaint—the "commercial activity" exception at 28 U.S.C. § 1605(a)(2) and the "expropriation" exception at 28 U.S.C. § 1605(a)(3). (Dkt. No. 1 at 2). The commercial activity exception permits a federal court to exercise jurisdiction over a foreign state if "the action is based upon a commercial activity carried on in the United States by the foreign state . . . ." *Id.* § 1605(a)(2). The expropriation exception permits the same where

property is "taken in violation of international law" and that property is either "present in the United States in connection with a commercial activity carried on in the United States by the foreign state" or "owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States." *Id.* § 1605(a)(3).

With regards to the commercial activity exception, the Magistrate Judge found that the exception does not apply because Defendants' activity—the "alleged unlawful seizure of CBI's equipment, the imposition of related fines, and the false imprisonment of Plaintiff's father"—is sovereign, not commercial, in nature. (Dkt. No. 7 at 6) (citing *France.com, Inc. v. French Republic*, 992 F.3d 248, 252 (4th Cir. 2021) (holding that "[i]t is well established that a 'seizure' by a foreign government constitutes a sovereign activity.")).  With regards to the expropriation exception, the Magistrate Judge found that the exception does not apply where Plaintiff does not allege that the alleged expropriated property was seized in the United States or that such property (or the funds derived from that property) are currently owned or operated by Defendants and that Defendants are engaged in a commercial activity in the United States. (*Id.* at 7).

Plaintiff objects to both findings by the Magistrate Judge, citing a 1996 order by the U.S. Bankruptcy Court for the Western District of Kentucky that held that "COHDEFOR had no power or authority" to conduct the seizure of lumber nor imprison any CBI Lumber International personnel. (Dkt. No. 11 at 3-4) (citing Dkt. No. 11-3).  He also cites an affidavit by a retired USAID official in that proceeding as additional evidence that the two exceptions under FSIA should apply. (*Id.* at 4-5) (citing Dkt. No. 11-2).  Plaintiff submits this evidence for the first time as exhibits to his Objections, so these exhibits were not before the Magistrate Judge.

"[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F.Supp.2d 911, 914 (M.D.N.C.2010) (listing cases). Here, Plaintiff seeks to excuse the late submission of evidence by arguing, without citation, that "[c]ourts regularly allow jurisdictional evidence to be supplemented later in proceedings." (Dkt. No. 11 at 4). Even considering the evidence Plaintiff seeks to belatedly introduce in light of his *pro se* status, the Court overrules Plaintiff's objections. That COHDEFOR's actions may have been illegal—which is the finding made by the bankruptcy order and affidavit Plaintiff seeks to submit as evidence supporting this Court's jurisdiction over his case—lends no support to a finding that COHDEFOR's activities were commercial, rather than sovereign, in nature (under 28 U.S.C. § 1605(a)(2)) or that COHDEFOR was "engaged in a commercial activity in the United States" at the time of the alleged expropriation (under 28 U.S.C. § 1605(a)(3)). On *de novo* review of the record and the R&R, this Court finds no evidence supporting the application of either FSIA exception, and as a result agrees with the Magistrate Judge that it lacks jurisdiction to hear Plaintiff's claims.

## IV.    Conclusion

In light of the foregoing, the R&R is **ADOPTED** as the Order of the Court. (Dkt. No. 7). Plaintiff's claims are **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

                                                    s/ Richard Mark Gergel
                                                    Richard Mark Gergel
                                                    United States District Judge

March 24, 2025
Charleston, South Carolina